UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JADE LAROCHE,<br><br>Defendant. | 3:22-CR-30003-RAL<br><br>OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING MOTION TO SUPPRESS |

Defendant Jade LaRoche ("LaRoche"), facing a charge of assaulting a federal officer, filed a Motion to Suppress, Doc. 20, and objections to a Report and Recommendation for Disposition of Motion to Suppress Evidence ("Report and Recommendation"), Docs. 36, 40. Finding the Report and Recommendation to be well-reasoned and appropriate, this Court adopts the Report and Recommendation of the magistrate judge concluding that the defendant was not subject to custodial interrogation.

**I. Background**

This case arises from an incident that occurred during the early morning hours of October 31, 2021, after Josephine Skunk ("Skunk") called local dispatch of the Lower Brule Sioux Tribe to report that her son, LaRoche, was acting up and requested assistance to resolve the situation. Motion's Hearing Transcript at 6. At the time, an active warrant had been issued for LaRoche's arrest. Motion's Hearing Transcript at 8.

1

Bureau of Indian Affairs Officer Justin Schmiedt ("Schmiedt") responded to the call. Motion's Hearing Transcript at 6-7. Schmiedt knocked on the door to Skunk's home, entered after Skunk let him in, and began a conversation with her in the living room. Motion's Hearing Transcript at 7. Skunk called LaRoche who came from a backroom into the living room. Motion's Hearing Transcript at 7. Schmiedt then spoke with LaRoche for about fourteen minutes, discussing his active warrant and other topics. Motion's Hearing Transcript at 7-8. Eventually, after asking what LaRoche's warrant was for, Schmiedt informed LaRoche that he would be arresting him for the active warrant. Motion's Hearing Transcript at 9-10. LaRoche asked Schmiedt not to arrest him. Motion's Hearing Transcript at 10. Schmiedt informed LaRoche that it was not a negotiation. Motion's Hearing Transcript at 10.

After Schmiedt clarified that LaRoche would be arrested on the warrant, LaRoche took off running through the kitchen to a backroom that was separated by a blanket obstructing Schmiedt's vision. Motion's Hearing Transcript at 11. Schmiedt pursued him, readying his flashlight and taser. Motion's Hearing Transcript at 11. As Schmiedt prepared to enter the backroom, LaRoche rushed out of the backroom and ran into Schmiedt. Motion's Hearing Transcript at 11. Schmiedt appears to have been injured in the collision and attempted to deploy his taser on LaRoche twice to no effect. Motion's Hearing Transcript at 11-12. LaRoche then ran across the street into the darkness, and Schmiedt stopped his pursuit and contacted dispatch. Motion's Hearing Transcript at 12. Despite patrolling the area in his vehicle, Schmiedt was unable to locate LaRoche. Motion's Hearing Transcript at 12.

A grand jury indicted LaRoche for assaulting, resisting and impeding a federal officer in violation of 18 U.S.C. §§ 111(a) and 111(b). Doc. 1. Magistrate Judge Mark A. Moreno conducted a suppression hearing on June 8, 2022, and issued a Report and Recommendation, Doc. 36,

recommending that this Court deny LaRoche's motion to suppress. Docs. 20, 21. LaRoche has now objected to that Report and Recommendation. Doc. 40.

**II. Discussion**

This Court reviews a report and recommendation under the statutory standards found in 28 U.S.C. § 636(b)(1), which provides in relevant part that "[a] judge of the [district] court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Having conducted a de novo review, this Court adopts the Report and Recommendation in full.

LaRoche objects to the Report and Recommendation's conclusion that he was not in custody, and therefore did not need to be provided with a Miranda or Griffin warning. Doc. 40; see Miranda v. Arizona, 384 U.S. 436 (1966); United States v. Griffin, 922 F.2d 1343 (8th Cir. 1990). Judge Moreno rejected LaRoche's arguments. In doing so, Judge Moreno credited the testimony of Schmiedt who stated that he only asked LaRoche questions regarding the status of his warrant to build a rapport with LaRoche who plainly did not wish to go into custody. Schmiedt's questions indeed were not intended to impermissibly expand the scope of LaRoche's guilt, but rather to assess the situation the officer faced. See United States v. Jackson, 852 F.3d 764, 771–72 (8th Cir. 2017) (holding that limited follow-up questions to a volunteered statement did not constitute an interrogation); United States v. Chipps, 410 F.3d 438, 445 (8th Cir. 2005) (holding that when a defendant volunteered he knew one FBI agent was looking for him and then another agent asked how long the defendant had known about a warrant, that agent's question was only a request for clarification and not an attempt to enhance the defendant's guilt); Butzin v. Wood, 886 F.2d 1016, 1018 (8th Cir. 1989) (clarifying that questions in response to spontaneous statements are not construed as an interrogation if they are not designed to enhance the defendant's

guilt). The Court defers to Judge Moreno's decision to credit the testimony of Schmiedt. See United States v. Lockett, 393 F.3d 834, 837–38 (8th Cir. 2005) ("The magistrate's finding that the officer's testimony was believable is deserving of deference."); United States v. Stoneman, No. CR 09-30101-RAL, 2010 WL 1610065, at *6 (D.S.D. Apr. 20, 2010) ("The Court is entitled to give weight to the credibility determination of the magistrate judge." (citing United States v. Martinez-Amaya, 67 F.3d 678, 681 (8th Cir. 1995))).

This Court also agrees with Judge Moreno's conclusion that the conversation between LaRoche and Schmiedt was: (1) relatively brief, amicable, and one LaRoche steered; (2) took place in a familiar and relaxed setting and in the company of LaRoche's mother; (3) did not involve any display of weapons, physical force, or heavy-handed tactics on the part of Schmiedt; (4) went on without restraint to LaRoche's freedom of movement; and (5) ended when LaRoche ran off to his bedroom. The mere fact that Schmiedt may have been standing between LaRoche and the front door does not mean that LaRoche was in custody. See Howes v. Fields, 565 U.S. 499, 509 (2012) (listing factors in a custody determination); United States v. Griffin, 922 F.2d 1343, 1348–49 (8th Cir. 1990) (same). Indeed, Schmiedt's purpose in conversing with LaRoche seems to have been to get LaRoche to submit himself to custody peacefully, while LaRoche's purpose in the conversation appears to have been to try to talk Schmiedt out of taking him into custody.

Having reviewed the record de novo, this Court agrees with Judge Moreno's factual findings and legal conclusions regarding LaRoche's statements. The arguments LaRoche makes to this Court were fully addressed by Judge Moreno and do not require further analysis. For the reasons stated in the Report and Recommendation, this Court finds that LaRoche's statements were voluntary and not the result of custodial interrogation that occurred without a Miranda warning in violation of the Fifth Amendment. LaRoche's objections are overruled.

### III. Conclusion and Order

For the reasons stated above, it is hereby

ORDERED that LaRoche's Objections to the Report and Recommendation, Doc. 40, are overruled. It is further

ORDERED that the Report and Recommendation, Doc. 36, is adopted. It is finally

ORDERED that LaRoche's Motion to Suppress, Doc. 20, is denied.

DATED this 1st day of July, 2022.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE